UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CODY BRENNER, individually and on behalf of other similarly situated,<br><br>                     Plaintiff,<br>   v.<br><br>VIZIO, INC.,<br><br>                     Defendant. | CASE NO. C17-5897 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Vizio, Inc.'s ("Vizio") motion to dismiss (Dkt. 27). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 31, 2017, Plaintiff Cody Brenner ("Brenner") filed a complaint against Vizio asserting numerous causes of action on behalf of himself and others similarly situated. Dkt. 1. On January 8, 2018, Vizio filed a motion to dismiss. Dkt. 13. On January 29, 2018, Brenner filed an amended complaint asserting causes of action as

follows: (1) breach of contract, (2) unjust enrichment, (3) negligent misrepresentation, (4) negligence based on product design and defect, (5) breach of implied warranty of merchantability, and (6) violations of 25 different state consumer protection acts. Dkt. 23.

On February 12, 2018, Vizio filed a motion to dismiss. Dkt. 27. March 12, 2018, Brenner responded. Dkt. 31. On March 16, 2018, Vizio replied. Dkt. 33.

## II. FACTUAL BACKGROUND

Brenner's claims are based on the assertion that the YouTube application no longer works on his Vizio Smart TV. When Brenner purchased his TV, he was able to stream content over the internet to his TV by using the application. Brenner's TV operates on flash-based technology. However, beginning in 2013, Vizio and other manufacturers switched to a newer HTML5 application programming interface technology because applications such as YouTube switched to this newer format. Although Brenner could stream YouTube on his TV for some time after the switch to the newer technology, YouTube permanently stopped functioning as an application on Brenner's TV on July 26, 2017.

Brenner asserts that Vizio advertised and marketed that its TVs came with the ability to access applications such as YouTube. Dkt. 23, ¶¶ 23–33. "Despite making these representations, [Vizio] hid from consumers the fact that it had no control over continued access to YouTube." *Id*. ¶ 34. In fact, Vizio knew that in YouTube's terms of service YouTube expressly reserved the right to discontinue service at any time for any reason. *Id*. ¶¶ 35–37. Brenner alleges that Vizio did not pass this information on to its

customers.  *Id*. ¶ 49.  In other words, Brenner alleges that Vizio made access to YouTube and other similar applications a core part of its marketing strategy without informing the consumers that the applications may stop working in the future.  *Id*. ¶¶ 40–50.

Currently, Vizio's advice to Brenner and owners of similar TVs is to buy a new TV or buy an additional add-on device that will work with HTML5.  *Id*. ¶ 58.  Brenner also claims that Vizio "informs the consuming public about the potential loss in third-party app functionality in its Smart TVs, both online, in its in-store displays and on its packaging."  *Id*. ¶ 62.

### III.  DISCUSSION

Vizio moves to dismiss some of Brenner's claims for lack of standing and the remainder of Brenner's claims for failure to state a claim.

**A.     Standing**

In order to have standing to assert a claim, a plaintiff must have suffered an injury-in-fact that is fairly traceable to the actions of the defendant, and that his injury is likely to be redressed by a favorable decision.  *See, e.g., Ass'n of Public Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 950 (9th Cir. 2013).  Standing is "claim- and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought."  *In re Adobe Systems, Inc. Privacy Litig.*, 66 F.Supp.3d 1197, 1218, 2014 WL 4379916, at *10 (N.D.Cal. Sept. 4, 2014); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) ("[O]ur standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press.").

In this case, Vizio argues that the Court should dismiss and/or limit the majority of Brenner's claims because Brenner only has standing to assert violations of Washington laws. Dkt. 27 at 13–15. "[T]he majority of courts to consider this question have concluded that when 'a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal.'" *Mollicone v. Universal Handicraft, Inc.*, 16-CV-07322-CAS, 2017 WL 440257, at *9 (C.D. Cal. Jan. 30, 2017) (quoting *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009). Indeed, "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016). Although these authorities seem to conclusively answer the question presented, Brenner argues that the Court should follow the class certification approach and deny Vizio's motion. Dkt. 31 at 8–10.

When a disjuncture exists "between the claims of named plaintiffs and those of absent class members," the Ninth Circuit has "adopt[ed] the class certification approach." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015). Under this approach, "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *Id.* (quoting William B. Rubenstein, Newberg on Class Actions § 2:6 (5th ed.)).

While the class certification approach is appropriate for some issues, Brenner has failed to show that the Court should apply it to the current dispute involving statutory consumer protection laws. The issue here is not that Brenner and unnamed class

members have suffered similar, but not identical injuries.  In fact, it appears that all of the proposed class members have suffered the exact same injury of owning a smart TV that is unable to stream YouTube.  Instead, the issue here is that Brenner lacks standing to assert a violation of any state's consumer protection law except the state in which he lives.  As such, this is a classic standing issue and not a class certification issue.  Although Brenner cites some authorities in support of his position, none of these authorities addressed the problem of a named plaintiff lacking standing to assert an entire claim.

For example, in *Pecanha v. The Hain Celestial Grp., Inc.*, 17-CV-04517-EMC, 2018 WL 534299 (N.D. Cal. Jan. 24, 2018), the named plaintiffs sought to represent a nationwide class for violations of California law.  *Id*. at *8.  Plaintiffs were California residents, which means they had standing to assert violations of California laws.  *Id*.  Defendant moved to dismiss the nationwide class arguing that plaintiffs lacked standing to represent non-California residents.  *Id*.  The court disagreed concluding that plaintiffs presented a class certification issue instead of a standing issue.  *Id*. at *9.

Relevant to the instant case, Brenner fails to show how *Pecanha* is a persuasive authority for his consumer protection claims.  Brenner is asserting claims, and seeking to represent others, for violations of other state's laws.  In these circumstances, the Court agrees with the majority of authorities that Brenner lacks standing to assert these claims.  Therefore, the Court grants Vizio's motion to dismiss and dismisses Brenner's claims six through twenty-nine with prejudice.  This dismissal does not reach claims that have not been asserted by unnamed potential class members in any state other than Washington.

Regarding Vizio's request to limit Brenner's common law claims to Washington law, *Pecanha* is a persuasive authority. Similar to the plaintiffs in *Pecanha*, Brenner appears to represent a nationwide class for violations of Washington common law. This is not a standing issue because Brenner has standing to assert violations of Washington law. Instead, this is a class certification issue regarding which potential class members Brenner may adequately represent. Therefore, the Court denies Vizio's motion to limit Brenner's claims based on a lack of standing.

**B.     Remaining Claims**

Regarding Brenner's remaining claims, he fails to clarify what common law was violated.[1] For example, Brenner asserts that Vizio breached the parties' contract in violation of "both state and federal common law." Dkt. 23, ¶ 92. The Court is unaware of any federal common law governing contracts. *See*, *e.g.*, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (a court sitting in diversity jurisdiction applies substantive state law). Moreover, the parties cite authorities from numerous jurisdictions to support their positions. The Court finds that the most efficient way to solve this problem is to require Brenner to clarify his claims by asserting which state's laws were violated. Therefore, the Court grants Vizio's motion on the remainder of Brenner's claims, dismisses these claims without prejudice, and grants Brenner leave to amend his complaint.

---

[1] Brenner also asserts a claim for violation of the Washington Consumer Protection Act, but the parties address both Washington and California law in stating their positions.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Vizio's motion to dismiss (Dkt. 27) is **GRANTED in part** and **DENIED in part**, Brenner's sixth through twenty-ninth claims are dismissed with prejudice, Brenner's remaining claims are dismissed without prejudice, and Brenner may file an amended complaint consistent with this order no later than June 1, 2018.

Dated this 16th day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge