UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CODY BRENNER, individually and on behalf of others similarly situated,<br><br>                Plaintiff,<br>   v.<br>VIZIO, INC.,<br><br>                Defendant. | CASE NO. C17-5897 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Vizio, Inc.'s ("Vizio") motion to dismiss remaining claims and to strike certain claims in the second amended complaint (Dkt. 37). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 31, 2017, Plaintiff Cody Brenner ("Brenner") filed a complaint against Vizio asserting numerous causes of action on behalf of himself and others similarly situated. Dkt. 1.

On February 12, 2018, Vizio filed a motion to dismiss. Dkt. 27. On May 16, 2018, the Court granted the motion, dismissed with prejudice Brenner's claims that alleged violations of laws of states other than Washington, dismissed without prejudice the remaining claims, and granted Brenner leave to amend. Dkt. 34.

On June 1, 2018, Brenner filed a second amended complaint ("SAC") asserting eight causes of action as follows: (1) breach of contract; (2) unjust enrichment; (3) negligent and fraudulent misrepresentation; (4) negligence, gross negligence, willful and wonton conduct: design and defect; (5) breach of the implied warranty of merchantability; (6) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (7) violation of California Business and Professions Code §§ 17200, *et seq.*; and (8) violation of Washington's Unfair Business Practices – Consumer Protection Act, RCW Chapter 19.86. Dkt. 35.

On June 15, 2018, Vizio moved to dismiss and to strike. Dkt. 37. On July 9, 2018, Brenner responded. Dkt. 40. On July 13, 2018, Vizio replied. Dkt. 41.

## II. FACTUAL BACKGROUND

Although the facts are thoroughly set forth in the Court's previous order, Dkt. 34, the Court will provide a brief overview. Brenner's claims are based on the assertion that the YouTube application no longer works on his Vizio Smart TV. When Brenner purchased his TV, he was able to stream content over the internet to his TV by using the application. Brenner's TV operates on flash-based technology. However, beginning in 2013, Vizio and other manufacturers switched to a newer HTML5 application programming interface technology because applications such as YouTube switched to

this newer format. Although Brenner could stream YouTube content on his TV for some time after the switch to the newer technology, YouTube permanently stopped functioning as an application on Brenner's TV on July 26, 2017.

### III. DISCUSSION

**A.     Motion to Strike**

Vizio moves to strike Brenner's fourth, sixth, and seventh claims for relief. Brenner concedes that these claims may be dismissed. Dkt. 40 at 18. Therefore, the Court grants Vizio's motion on these issues and dismisses Brenner's fourth, sixth, and seventh claims for relief.

**B.     Motion to Dismiss**

Vizio moves to dismiss the remainder of Brenner's claims for failure to state a claim. On certain issues, Vizio crosses the line between what Brenner can establish and what Brenner has alleged. Moreover, both parties rely on a significant amount of law interpreting California statutes with neither party establishing that Washington consumer protection law is identical to California law. For example, Brenner contends that *Williams v. Gerber Products Co.*, 552 F.3d 934, 936 (9th Cir. 2008), is binding law for this Court. Dkt. 40 at 9 n.4. While Ninth Circuit law is usually binding upon this Court, the *Williams* court interpreted and applied California state law. *Williams*, 552 F.3d at 936. Brenner provides no authority for the assertion that the Ninth Circuit's interpretation and application of California law is binding on this Court's interpretation or application of Washington law.

Similarly, Vizio relies heavily on *Garcia v. Sony Computer Entm't Am., LLC*, 859 F. Supp. 2d 1056 (N.D. Cal. 2012), which interpreted and applied California law. Dkt. 37 at 16–18. Such arguments are irrelevant and unacceptable in light of the Court's admonition to the parties that they should base their arguments on Washington law. Dkt. 34 at 6. To the extent Vizio's arguments rely on inapplicable law, the Court will disregard the arguments and deny Vizio's motion on those issues.

### 1. Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### 2. Negligent/Fraudulent Misrepresentation and CPA

In § B(1) of Vizio's motion, Vizio sets forth the proper standard under Washington law, but then bases its entire argument on *Garcia*, which addressed California law. Dkt. 37 at 16:17–18:17. This section will be disregarded.

Similarly, in § B(2), Vizio sets forth the proper standard under Washington law, but then bases its entire argument on *Garcia* and *Long v. Hewlett-Packard Co.*, C06-02816JW, 2007 WL 2994812 (N.D. Cal. July 27, 2007). Dkt. 37 at 19:3–21:2. Both of these authorities consider California law. Thus, this section will also be disregarded.

In § B(3), Vizio fails to cite a single authority for the proposition that it had no duty to repeat YouTube's publically available reservation of rights and disclaimers of liability. *Id*. at 21–22. Thus, the Court finds that Vizio failed to meet its burden on this issue, if this is even a dispositive issue in this case.

In light of Vizio's failure to establish that Brenner fails to state a claim under Washington law on his third and eighth claims for relief, the Court denies Vizio's motion on these claims.

### 3. Contract and Quasi-Contract

"A contract implied in fact arises from facts and circumstances indicating a mutual consent and intent to contract." *Seashore Villa Ass'n v. Hugglund Family Ltd. P'ship*, 163 Wn. App. 531, 545 (2011) (citing *Young v. Young*, 164 Wn.2d 477, 485–86 (2008)).

In this case, Brenner has alleged facts that, if proved, could establish a contract implied in fact. Brenner alleges that Vizio "represented that access to YouTube was a key feature and simply part of its platform when one purchased an Affected Smart TV." SAC, ¶ 84. He also alleges that Vizio "intended that Plaintiff and the Class would believe they were buying a Smart TV and access to YouTube on the device for the life of the product, and in return asked consumers to pay for that promise." *Id*. ¶ 87. Although Vizio objects to these allegations, the Court concludes that the allegations are plausible

and state a claim for a contract implied in fact. Thus, the Court denies Vizio's motion on this claim.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young*, 164 Wn.2d at 484. The elements of the claim are as follows: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id*. at 484–85.

Brenner has alleged sufficient facts to state an unjust enrichment claim. For example, Brenner alleges that he paid Vizio for a TV that would stream YouTube content for the duration of the product's life, and, now that the TV can no longer stream YouTube content, it is unjust for Vizio to retain his money. These are sufficient factual allegations to state a claim. Therefore, the Court denies Vizio's motion on this claim.

**4.     Implied Warranty of Merchantability**

The implied warranty of merchantability assures that the goods "are fit for the ordinary purposes for which such goods are used." RCW 62A.2–314(2)(c); *Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wn.2d 204, 208 (2003). RCW 62A.2–318, however, "limits warranty claims against a seller to those brought by natural persons in a household or such others as might reasonably be expected to use the product." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wn.2d 334, 344 (1992). Lack of contractual privity has historically been a defense to claims of breach of warranty. *Tex Enters.*, 149 Wn.2d at 209. The "vertical" nonprivity plaintiff is a buyer

and state a claim for a contract implied in fact. Thus, the Court denies Vizio's motion on this claim.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young*, 164 Wn.2d at 484. The elements of the claim are as follows: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Id*. at 484–85.

Brenner has alleged sufficient facts to state an unjust enrichment claim. For example, Brenner alleges that he paid Vizio for a TV that would stream YouTube content for the duration of the product's life, and, now that the TV can no longer stream YouTube content, it is unjust for Vizio to retain his money. These are sufficient factual allegations to state a claim. Therefore, the Court denies Vizio's motion on this claim.

**4.     Implied Warranty of Merchantability**

The implied warranty of merchantability assures that the goods "are fit for the ordinary purposes for which such goods are used." RCW 62A.2–314(2)(c); *Tex Enters., Inc. v. Brockway Standard, Inc.*, 149 Wn.2d 204, 208 (2003). RCW 62A.2–318, however, "limits warranty claims against a seller to those brought by natural persons in a household or such others as might reasonably be expected to use the product." *Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wn.2d 334, 344 (1992). Lack of contractual privity has historically been a defense to claims of breach of warranty. *Tex Enters.*, 149 Wn.2d at 209. The "vertical" nonprivity plaintiff is a buyer

who is in the distributive chain, but who did not buy the product directly from the defendant. *Id.*

In this case, it is undisputed that Brenner did not buy his TV directly from Vizio. Thus, Brenner lacks vertical privity with Vizio. Brenner, however, argues that he meets the exception to the vertical privity requirement because he is an intended third-party beneficiary. Washington "courts apply the 'sum of the interaction' test essentially to determine whether the manufacturer was sufficiently involved in the transaction (including post-sale) with the remote purchaser to warrant enforcement of an implied warranty." *Babb v. Regal Marine Indus., Inc.*, 2015 WL 786857, at *3 (Wn. App. Feb. 24, 2015). The Court notes the *Babb* court's reference to "post-sale" involvement because both cases where the Washington Supreme Court concluded that an implied warranty existed, the manufacturer interacted with the purchasers to solve the specific purchaser's problem with the product. *Touchet Valley*, 119 Wn.2d at 347 (when the building first began to collapse, the manufacturer helped to attempt repairs); *Kadiak Fisheries Co. v. Murphy Diesel Co.*, 70 Wn.2d 153, 165 (1967) (after difficulties developed, the manufacturer tried to fix the motor's problem).

Upon review of Brenner's complaint, he fails to allege any specific interaction with Vizio to fix or repair his TV. Instead, he alleges the exact opposite, that Vizio "has offered no remedy to Plaintiff or the millions of similarly situated consumers that have since lost access to YouTube on Defendant's Affected Smart TVs." SAC, ¶ 57. Similarly, Vizio's "advice to consumer complainants related to loss of YouTube functionality is to either (a) buy a new Smart TV, or (b) buy a separate, exterior

streaming device such as a Google Chromecast, which would then allow consumers to access YouTube content on their 'Smart' TVs." *Id.*, ¶ 58. Therefore, the Court grants Vizio's motion on this issue because Brenner fails to allege an essential fact to establish his claim for a breach of the implied warranty of merchantability.[1]

The final issue is the appropriate relief. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). On this claim, the Court finds that amendment would be futile because Brenner expressly alleges facts that are contrary to any possible curative amendment. Thus, the Court dismisses Brenner's implied warranty claim with prejudice.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Vizio's motion to dismiss remaining claims and to strike certain claims in the second amended complaint (Dkt. 37) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 24th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge

---

[1] The Court also notes that this is one of the instances where Brenner relies on California law to establish his claim under Washington law. *See* Dkt. 40 at 20 (citing three authorities out of California).