UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMY CONVERSE,<br><br>               Plaintiff,<br><br>    v.<br><br>VIZIO, INC.,<br><br>               Defendant. | CASE NO. C17-5897 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL |

This matter comes before the Court on Plaintiff Amy Converse's ("Plaintiff") motion to compel documents reviewed by Defendant's Rule 30(b)(6) designees, Dkt. 71, and motion to compel answer to Interrogatory No. 4 (putative class member contact information), Dkt. 73. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On December 12, 2018, Plaintiff filed a third amended class action complaint against Defendant Vizio, Inc. ("Vizio") asserting numerous causes of action based on the

ORDER - 1

underlying allegations that Vizio falsely advertised and marketed its smart televisions ("Smart TVs"). Dkt. 54.

Relevant to the instant motions, Plaintiff propounded discovery on Vizio and deposed four 30(b)(6) witnesses. First, Plaintiff propounded an interrogatory on Vizio requesting "all email addresses you have access to that are related to consumers who purchased affected Smart TVs from you from 2009 to present." Dkt. 74 at 8. Plaintiff contends that despite numerous meet and confers regarding this request, Vizio has failed to respond.

Second, Plaintiff deposed four corporate representatives in late April and early May of 2019. Plaintiff contends that during the depositions counsel for Vizio instructed the deponents not to identify what documents each had reviewed in preparation for the deposition.

On June 6, 2019, Plaintiff filed motions to compel a response to her interrogatory and the documents reviewed by Vizio's witnesses. Dkts. 71, 73. On June 17, 2019, Vizio responded. Dkts. 80, 82. On June 21, 2019, Plaintiff replied. Dkts. 84, 85.

## II. DISCUSSION

The parties do not dispute that if the requested information is relevant then it must be produced. *See* Fed. R. Civ. P. 26, 37.

Regarding the class list, Vizio has made the information relevant. Although Vizio advances a persuasive argument that after Plaintiff filed her motion for class certification there is no need for a putative class list, Vizio's response to Plaintiff's motion to certify attacks the typicality of the class as well as whether individual issues predominate over

class-wide issues.  *See* Dkt. 98 at 17 ("Plaintiff's putative class fails to satisfy Rule 23(b)(3)'s predominance or superiority requirements, and Plaintiff fails Rule 23(a)'s typicality requirement.").  Plaintiff correctly predicted that Vizio would make these arguments, Dkt. 73 at 7, and requests putative class members' contact information to gather actual evidence to respond.  In light of Vizio's response and Plaintiff's showing that the requested information is relevant, the Court grants Plaintiff's motion on this issue.  The Court, however, cautions Plaintiff that it is improper to submit new evidence with a reply without allowing the opposing party an opportunity to respond to that evidence.  *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond.")

Regarding the 30(b)(6) documents, Vizio argues that the documents are privileged and that Plaintiff failed to lay the proper foundation.  The latter argument is without merit because discovery is still ongoing and, even if Plaintiff failed to lay an extensive foundation for the requested material, that error could easily be cured with a subsequent discovery request.  Besides, Vizio's counsel directed the witnesses not to answer Plaintiff's counsel's questions, which hampered Plaintiff's counsel's ability to lay that alleged foundation.  As to the issue of privilege, the process for producing privileged material is not to simply claim the privilege in a response to a motion to compel.  Instead, a privilege log is necessary for those documents that Vizio claims are privileged.  The Court finds it highly unlikely that every document each corporate representative reviewed in preparation for his or her deposition is privileged because, in order for a 30(b)(6)

witness to properly prepare for a deposition, he or she most likely reviews documents produced in the regular course of business. As to these documents, Vizio should produce them if they exist. After the production of a log and possibly other documents, the parties shall meet and confer regarding the possibility of successive depositions. The Court is optimistic that another motion on this issue is not necessary and reserves ruling on sanctions should further disputes arise.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion to compel documents reviewed by Defendant's Rule 30(b)(6) designees, Dkt. 71, and motion to compel answer to Interrogatory No. 4 (putative class member contact information), Dkt. 73, are **GRANTED**.

Dated this 23rd day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge